```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HINDOLUI KENNIE,                :    CIVIL ACTION
                                :    NO. 19-1351
          Petitioner,           :
     v.                         :
                                :
WARDEN OF GEORGE HILL           :
CORRECTIONAL FACILITY, et al.,  :
                                :
          Respondents.          :
```

**ORDER**

**AND NOW**, this **20th** day of **October, 2020,** upon consideration of Hindolui Kennie's Petition for Writ of Habeas Corpus (ECF No. 1), the Respondents' response in opposition (ECF No. 14), and the Report and Recommendation of U.S. Magistrate Judge Carol Sandra Moore Wells (ECF No. 18), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. The Petition for a Writ of Habeas Corpus is **DISMISSED AS MOOT**, without an evidentiary hearing;[2] and

---

[1] Petitioner was released from prison in February 2020, and he has not received a copy of the Report and Recommendation. However, it is the Petitioner's job to inform the court of any address change, and he has not done so since his release in February. Consequently, there is no way for the court to mail him a copy of the Report and Recommendation.

[2] Petitioner claims to challenge his November 2017 conviction on 2016 charges related to terroristic threats. However, none of his claims actually concern the legality of that conviction. Instead, Petitioner complains about the amount of bail imposed for his 2018 charges, the delay in his final probation revocation hearing for his 2016 charges, and the validity of the

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

    _/s/ Eduardo C. Robreno_____
**EDUARDO C. ROBRENO, J.**

---

probation violation detainer concerning his 2016 charges. These claims were already found to be moot in Civil Action No. 19-733 because Petitioner has already been convicted on the 2018 charges, had his final probation revocation hearing for the 2016 charges, and the detainer for the 2016 charges has expired. Consequently, this court cannot provide Petitioner any relief and his claims are moot.